Sucn. Manuel Díaz García, *Ex parte*, peticionaria.

*Número:* CE-94-470          *Resuelto:* 20 de diciembre de 1994

*Belén M. Guerrero Calderón*, de *Pérez Orama & Guerrero Calderón*, abogada de la peticionaria.

PER CURIAM:

## I

Ante el Tribunal Superior, Sala de Caguas, Néstor Monserrate presentó una petición para adverar y protocolizar el testamento ológrafo de Manuel Díaz García. Alegó que el

causante carecía de herederos forzosos y lo había designado como su único y universal heredero.

Oportunamente, dicho foro celebró la vista en su fondo, a la cual compareció Monserrate a través de su representación legal y el Ministerio Público. Como parte de la prueba, se sometió un informe pericial para establecer que el causante había firmado el testamento ológrafo y la prueba testifical, y varias muestras de unos edictos publicados en el periódico. El tribunal (Hon. Rafael E. Castro Pérez, Juez) declaró adverado y legitimado el testamento ológrafo.

En el ínterin, aparentemente desconociendo la existencia de dicho testamento ológrafo, Rubén Díaz García, hermano del causante, fue designado por sus hermanos restantes para iniciar las gestiones pertinentes en relación con un *testamento abierto* que el causante había otorgado *previamente*. Así las cosas, al comenzar esas gestiones, se enteraron de que no sólo existía un testamento ológrafo, sino que el tribunal había ordenado protocolizarlo.

El 19 de mayo de 1994, los hermanos del causante Díaz García presentaron una solicitud bajo la Regla 49.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III. Alegaron que el Tribunal Superior carecía de jurisdicción para atender el asunto por no haber sido citados. El tribunal denegó ese pedido. Inconformes, acudieron ante nos; mediante una orden de mostrar causa, evaluamos esa contención.

## II

*Procede revocar.* El ilustrado tribunal de instancia no podía ordenar la protocolización del testamento ológrafo de Díaz García. Conforme al Art. 642 del Código Civil, 31 L.P.R.A. sec. 2166, dicho foro estaba obligado a constatar que los peticionarios hermanos Díaz García fueran citados *personalmente*, de forma que pudieran comparecer y presenciar las diligencias de adveración y protocolización del

testamento ológrafo, y así tener la oportunidad de poder exponer su posición al respecto. Nos explicamos.

■ En lo pertinente, el Art. 641 del Código Civil dispone:

> Presentado el testamento ológrafo, y acreditado el fallecimiento del testador, el Tribunal Superior procederá a su lectura en audiencia pública ... comprobando acto continuo su identidad por medio de tres testigos que conozcan la letra y firma del testador, y declaren que no abrigan duda racional de hallarse el testamento escrito y firmado de mano propia del mismo. 31 L.P.R.A. sec. 2165.

Y, a renglón seguido, el Art. 642 del Código Civil, *supra*, dispone en lo pertinente:

> Para la práctica de las diligencias expresadas en la sección anterior, *serán citados* con la brevedad posible, el *cónyuge sobreviviente, si lo hubiere, los descendientes y los ascendientes legítimos del testador, y en defecto de unos y de otros, los hermanos.*
>
> Los citados podrán presenciar la práctica de dichas diligencias y hacer en el acto, de palabra, las observaciones oportunas sobre la autenticidad del testamento.

■ Este último precepto exige, como primera alternativa, la citación personal de los hermanos, aunque sea en defecto de descendientes y ascendientes, para "reconocer que lo allí escrito [en el testamento] es letra y firma del testador, y dado el conocimiento que estas personas tienen del mismo por su próximo grado de parentesco son, sin duda, las más adecuadas para poder aportar datos sobre si la letra corresponde por sus rasgos caligráficos y la firma es la suya habitual; *de ahí el derecho que se le reconoce expresamente en la realización del reconocimiento de hacer cuantas observaciones crean oportunas*". (Énfasis suplido.) M. Albaladejo, *Comentarios al Código Civil y compilaciones forales*, Madrid, Ed. Edersa, T. IX, V. 1-A, 1990, pág. 469.

## III

En el caso de autos, el tribunal actuó sin jurisdicción. *No* se citó personalmente a los peticionarios para el procedimiento de adveración del testamento. La citación mediante *edictos* era improcedente en derecho, ya que el peticionario Monserrate, heredero designado en el testamento ológrafo, conocía la existencia de esos familiares.

■ Ciertamente, el Código Civil requiere la presencia de los hermanos del causante en el procedimiento de adveración.(¹) La ausencia por falta de trámite de las personas nombradas en el Art. 642 del Código Civil, *supra*, vicia de nulidad los procedimientos de protocolización, pues afecta la jurisdicción del tribunal. No se cumpliría a cabalidad el propósito de dicho procedimiento si se prescindiese de aquellos parientes cercanos del causante a comparecer y hacer las observaciones oportunas sobre la autenticidad del documento. Recuérdese que los peticionarios tienen un interés especial en participar en el procedimiento de adveración, pues habían sido designados como herederos del causante en un testamento abierto otorgado previamente.

En conclusión, vistas las disposiciones del Código Civil, *resolvemos que los procedimientos de adveración y protocolización del testamento ológrafo de Díaz García son nulos, pues no se ajustaron a derecho.*

*Se dictará sentencia revocatoria.*

El Juez Asociado Señor Rebollo López concurrió con el resultado sin opinión escrita.

---

(¹) Éstos, en ausencia de descendientes y ascendientes, serán los herederos del causante.